Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN HELINSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>AMERICOLLECT, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   KEVIN HELINSKI
   299 Pavonia Avenue
   Jersey City, NJ  07302

   AMERICOLLECT, INC.
   1851 S. Alverno Road
   Manitowoc, WI 54221

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, AMERICOLLECT, INC. ("AMERICOLLECT") and JOHN DOES 1-25 their employees, agents and successors

Page **1** of **13**

(collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. AMERICOLLECT maintains a location at 1851 S. Alverno Road, Manitowoc, Wisconsin 54221.

8. AMERICOLLECT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. AMERICOLLECT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from AMERICOLLECT on behalf of UNIVERSITY RADIOLOGY GROUP PC, which included the alleged conduct and practices described herein.
> 
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  i. Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e *et seq.* and 15 U.S.C. § 1692g *et seq.*;

  ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 7, 2018, Plaintiff allegedly incurred a financial obligation to UNIVERSITY RADIOLOGY GROUP PC ("UNIVERSITY RADIOLOGY").

19. The UNIVERSITY RADIOLOGY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the UNIVERSITY RADIOLOGY obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The UNIVERSITY RADIOLOGY obligation did not arise out of a transaction that was for non-personal use.

22. The UNIVERSITY RADIOLOGY obligation did not arise out of a transaction that was for business use.

23. The UNIVERSITY RADIOLOGY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. UNIVERSITY RADIOLOGY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to September 7, 2018, the UNIVERSITY RADIOLOGY obligation was placed with Defendant for the purpose of collection.

26. At the time the UNIVERSITY RADIOLOGY obligation was placed with Defendant for the purpose of collection the UNIVERSITY RADIOLOGY obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

27. Defendants caused to be delivered to Plaintiff a letter dated September 7, 2018, which was addressed to Plaintiff and sought a balance of $5.03. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28. The September 7, 2018 letter was sent to Plaintiff in connection with the collection of the UNIVERSITY RADIOLOGY obligation.

29. The September 7, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The September 7, 2018 letter is the initial written communication sent from Defendant to the Plaintiff concerning the UNIVERSITY RADIOLOGY obligation.

31. Upon receipt, Plaintiff read the September 7, 2018 letter.

32. Defendant's toll free telephone number (888-682-0396) appears at least two times in the September 7, 2018 letter.

33. The September 7, 2018 letter stated in part:

**Please call us toll free at 1-888-682-0396.** (emphasis added)

34. The September 7, 2018 letter also stated in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

35. Section 1692g(a)(3) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. Defendant's letter specifically requested that Plaintiff call Defendant concerning the debt, which would include Plaintiff calling Defendant regarding disputes Plaintiff may have concerning the debt.

37. Defendant's letter does not advise Plaintiff that all disputes must be in writing to be effective.

38. The Defendant's statement that "*If* you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt…" suggests a dispute in writing is a choice or option rather than a requirement. See Cadillo v. Stoneleigh Recovery Assocs., LLC,

2017 U.S. Dist. LEXIS 210870 (D.N.J. 12/21/17); Poplin v. Chase Receivables, Inc., 2018 U.S. Dist. LEXIS 218818 (D.N.J. Sept. 26, 2018).

39. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

40. AMERICOLLECT knew or should have known that its actions violated the FDCPA.

41. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

42. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b) Using false representations or deceptive means to collect or attempt to collect any debt; and

  (b) Failing to provide the consumer with a proper notices pursuant to 15 U.S.C. §1692g(a) et seq.

43. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

44. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Defendants' attempt to collect the alleged debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(10)(A); and § 1692g(a) et seq.

47. The September 7, 2018 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such disputes *must* be in writing.

48. The least sophisticated consumer upon reading the September 7, 2018 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

49. The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute and might erroneously believe that the debt could simply be disputed with a phone call.

50. The least sophisticated consumer upon reading the instructions in the September 7, 2018 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she (1) could notify the Defendant by calling the telephone number provided: or (2) could write to Defendant at the address listed on the letter.

51. Defendants' instructions in the September 7, 2018 letter would cause the least sophisticated consumer to be confused and uncertain as to what he or she must do to effectively dispute the alleged debt.

52. Defendants' instructions in the September 7, 2018 letter would cause the least sophisticated consumer to believe that he or she could effectively and legally dispute the alleged debt by calling the telephone number provided.

53. A dispute of a debt, to be legally effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

54. The Third Circuit uses the "least sophisticated consumer" standard to determine whether a validation notice is overshadowed or contradicted.

55. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

56. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing and misleading Plaintiff and others similarly situated into believing that if he or she wished to dispute the alleged debt or any portion thereof, that he or she may either: (1) notify Defendants by calling the telephone number provided; or (2) write to Defendants at the address listed in the letter, because calls are legally ineffective to dispute debts.

57. The September 7, 2018 letter is deceptive because the instructions can be read to have two or more different meanings one of which is inaccurate, that is that Plaintiff could have disputed the debt by making a telephone call.

58. The September 7, 2018 letter can be read to mean that the alleged debt may be disputed by calling Defendants at the telephone number provided.

59. The September 7, 2018 letter can also be read to mean that the alleged debt can be disputed by notifying Defendants in writing at the address provided.

60. Defendants violated 15 U.S.C. § 1692g(a) and § 1692g(a)(3) by employing language (dispute debt by phoning) that overshadowed, contradicted and confused the Validation Notice of the September 7, 2018 letter thereby ineffectively and erroneously communicating to the Plaintiff what actions were needed to dispute the alleged debt.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

65. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 1, 2019

Respectfully submitted,
By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: February 1, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

PO BOX 1690
MANITOWOC, WI 54221-1690

**CHECK BY PHONE**

**NO FEES**

LiveChat

**NO FEES - IF PAYING BY CREDIT CARD, FILL OUT BELOW.**

WE ACCEPT: ☐ VISA  ☐  ☐ DISCOVER

CARD NUMBER | | | | | | | | | | | | | | | |   EXP. DATE ___/___

PLEASE PRINT NAME

SIGNATURE

| STATEMENT DATE | | AMOUNT DUE |
| 09/07/18 | | $5.03 |

SHOW AMOUNT PAID HERE | Pay online at: www.americollectpay.com
User ID: hw2p3k2  Password: ▮▮▮

**PLEASE MAKE CHECKS PAYABLE AND SEND TO:**

**ADDRESSEE**

09/07/18 - 01

Kevin J Helinski
299 Pavonia Ave Apt 2-7
Jersey City, NJ 07302-1545

AMERICOLLECT, INC
PO BOX 1505
MANITOWOC, WI 54221-1505

☐ Please check box if address or phone number has changed and indicate on back.

Detach upper portion and return with payment

## YOUR BALANCE IS PAST DUE

Please call us toll free at: 1-888-682-0396
We accept checks over the phone or pay by credit card!
No processing fees for checks or credit cards.

**AMERICOLLECT**
*RIDICULOUSLY NICE COLLECTIONS*

### REQUEST FOR PAYMENT IN FULL

The below account(s) have been listed with our office for collection.

In the event your payment is returned to us NSF, we may re-present your check electronically.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| CREDITOR NAME | ACCOUNT NUMBER | ACTIVITY DATE | BALANCE |
|---|---|---|---|
| UNIVERSITY RADIOLOGY GROUP PC | ▮▮▮▮▮ | 03/01/2018 | $5.03 |

**This is a communication from a debt collector.**
**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
To report complaints about Americollect please email complaint@americollectpay.com or call 1-855-238-8524.

AMERICOLLECT, INC
1851 S ALVERNO RD
MANITOWOC, WI 54221-1566 | 1-888-682-0396
info@americollectpay.com
Call us CST Mon-Fri 7AM-11PM, Sat 8AM-5PM
Hablamos Español 877-563-5741

**AMOUNT DUE  $5.03**

LiveChat  Pay online at: www.americollectpay.com
User ID: hw2p3k2  Password: ▮▮▮

ACOL / 01 / 778063010756    9747 / 0004873 / 0020

PAGE 1 OF 2

This page left intentionally blank

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HELINSKI KEVIN

**DEFENDANTS**
AMERICOLLECT, INC. and JOHN DOES 1-25.

(b) County of Residence of First Listed Plaintiff: **Hudson County, NJ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Ben Kaplan Esq. and Glen Chulsky Esq.
Chulsky Kaplan LLC, 280 Prospect Ave. 6G, Hackensack, NJ 07601, ben@chulskykaplanlaw.com, (877) 827-3395 ex 102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692
Brief description of cause:
FDCPA Violation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/01/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Ben Kaplan

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____