**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN HELINSKI,** on behalf of himself and all other similarly situated,<br><br>      **Plaintiff,**<br>**vs.**<br><br>**AMERICOLLECT, INC. and JOHN DOES 1-25,**<br><br>      **Defendants.** | Civ. No. 19-**4401**<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of defendant Americollect, Inc., to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 7) The complaint alleges that certain language in a debt collection letter failed to clearly advise the debtor of his rights and is therefore invalid under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*. Defendant's brief points out that the language in its letter virtually tracks that of the statute, and that identical language has been upheld in multiple reported cases in this district. The plaintiff has not filed an opposition to the motion. My analysis will therefore be brief. For the reasons stated herein, the motion to dismiss the complaint will be granted.

### Standard

The standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are familiar. For the purposes of a motion to dismiss, the facts alleged in the complaint are

1

accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**The Complaint**

The defendant, Americollect, sent the plaintiff, Helinski, a letter dated September 7, 2018 (the "Letter". A copy is attached to the complaint as Ex. A. (DE 1-1 at p. 14)) The Letter was sent in connection with collection of a consumer debt for medical services. It contains the following paragraph:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this

2

notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Letter, DE 1-1 at p. 14)

The complaint alleges that the Letter fails to adequately communicate the consumer's right to dispute the debt, because the first sentence does not expressly state that the dispute must be in writing, and because the use of the word "if" in the second sentence implies that the in-writing requirement for disputing a debt is optional.

The Letter is therefore said to violate the FDCPA, which requires certain notifications and prohibits the use of false, deceptive or misleading representations to collect a debt.

## Discussion

The FDCPA affirmatively requires that a so-called "validation notice" be given, containing certain required disclosures:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt col-lector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The FDCPA also prohibits the use of false or misleading representations to collect a debt:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [is prohibited]." 15 U.S.C. 1692e(10)

Whether a communication is misleading must be assessed from the point of view of the "least sophisticated debtor." *Brown v. Card Service Center*, 464 F.3d 450, 454 (3d Cir. 2006). That hypothetical debtor, however, will be presumed to possess a "basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 539 F. 3d 218, 221 (3d Cir. 2008).

This complaint must be dismissed because the Letter does not violate the notice provisions of the FDCPA and is not otherwise misleading.

I do not write on a clean slate here. In *Rodriguez v. Northland Group*, for example, Judge Wolfson upheld virtually identical language against a virtually identical attack.[1] No. CV 18-7692 (FLW), 2018 WL 6567705 (D.N.J. Dec. 13, 2018). That plaintiff, like Helinski here, argued that the use of "if" in the

---

[1] The notice in *Rodriguez* read as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification. If you request of this office in writing with 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Rodriguez*, 2018 WL 6567705, at *5. Compare the language in the Letter received by Helsinki, quoted at pp. 2–3, *supra*.

4

second sentence implied that the in-writing requirement was optional. No, said Judge Wolfson; the first and second sentences must be read together.

> [B]y using the word "unless" in the first sentence, the notice informs the consumer of the consequences if he or she fails to dispute the debt. . . . Then, the remainder of the notice provides instructions on how to dispute the debt and the effect of disputing a debt. Under the least sophisticated debtor standard, the consumer is presumed to have read the whole letter. . . . . In that regard, the consumer would understand that the notification mentioned in the second sentence refers to the first; that is, read together, unless the debtor disputes the debt in writing, the debt would be presumed valid. In fact, nowhere does the notice suggest that a debtor may verbally dispute the debt. Rather, the only method included in the notice is an in-writing requirement. As such, I do not find that by using the word "if" in the validation notice here, a consumer would be confused as to how to dispute the debt.

2018 WL 6567705, at *5 (citations omitted). I agree.

I also note, as did the court in *Rodriguez,* that the language of this notice virtually tracks that of the statute, a practice that should ordinarily give a creditor safe harbor. *See* 15 U.S.C. § 1692g(a)(3)–(5), quoted *supra.*

The § 1692g notification analysis is "usually dispositive" of a parallel § 1692e claim. *See Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142, 155 (3d Cir. 2013). Still, it is possible for a creditor to quote the statute and yet still mislead the consumer by including other language that contradicts or overshadows the statutory language. In *Caprio,* the letter had the correct notice on the back, but on the front stated in bold type that "if you feel you do not owe this amount, please call us toll free ... or write us at the above address." Although the validation notice of the in-writing requirement was held to be proper, this additional "please call" language was held to undermine it. *Id.*; *see also Wilson v. Quadramed Corp.,* 225 F.3d 350, 355 (3d Cir. 2000). No such "overshadowing" language is present here. Although the Letter has an address for Americollect, followed by a web address and telephone number, the

telephone number is not given prominence and the letter does not anywhere suggest that the debtor telephone Americollect as an alternative means of disputing the debt. *See Caprio,* 225 F.3d at 152–53 (drawing similar distinction).

Cases from the District of New Jersey reaching the same conclusion with respect to virtually or actually identical language include the following:

> *Bencosme v. Caine & Weiner,* No. 2:18-cv-07990-MCA-MAH (ECF 20) (D.N.J. March 6, 2019) (not rep't'd in Westlaw); *Portela v. Diversified Consultants, Inc.,* Civ. No. 17-3431 (JMV) 2019 WL 449198 (D.N.J. Feb. 5, 2019); *Hernandez v. Mercantile Adjustment Bureau, LLC,* No. 13-843, 2013 WL 6178594, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013); *Max v. Gordon & Weinberg P.C.,* No. 15-2202, 2016 WL 475290, 2016 U.S. Dist. LEXIS 14703 (D.N.J. Feb. 8, 2016); *Riccio v. Sentry Credit, Inc.,* No. 17-1773, 2018 WL 638748, 2018 U.S. Dist. LEXIS 15661 (D.N.J. Jan. 31, 2018); *Ferrulli v. BCA Fin. Servs.,* No. 17-13177, 2018 WL 4693968, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018).[2]

*Cadillo v. Stoneleigh Recovery Assocs., LLC,* No. 17-7472, 2017 WL 6550486, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017) is to the contrary. With respect, I disagree with its reasoning, for the reasons stated above.[3]

---

[2] Judge Wolfson cited cases from outside the District of New Jersey reaching the same conclusion:

> *Hillman v. NCO Fin. Sys., Inc.,* No. 13-2128, 2013 WL 5356858, 2013 U.S. Dist. LEXIS 137221 (E.D. Pa. Sep. 25, 2013); *Velez v. Cont'l Serv. Grp.,* No. 17-2372, 2018 WL 1621625, 2018 U.S. Dist. LEXIS 57282 (M.D. Pa. Apr. 4, 2018); *Parker v. CMRE Fin. Servs., Inc.,* No. 07-1302, 2007 WL 3276322, 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007); *Sebrow v. NCO Fin. Sys., Inc.,* No. 08-1725, 2009 WL 2707341, 2009 U.S. Dist. LEXIS 76582 (E.D.N.Y. Aug. 27, 2009); *Borucki v. Vision Fin. Corp.,* No. 13-386, 2013 WL 2477067, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013); *Moore v. Ingram & Assoc., Inc.,* 805 F. Supp. 7, 8-9 (D.S.C. 1992); *Aronson v. Commercial Fin. Servs.,* No. 96-2113, 1997 WL 1038818, 1997 U.S. Dist. LEXIS 23534 (W.D. Pa. Dec. 22, 1997).

[3] *Poplin v. Chase Receivables,* Inc., Civ. No. 18-404, cited as contrary authority in that it denied a motion to dismiss, is actually supportive. Judge Arleo recently reconsidered and granted summary judgment. Letter order, Civ. No. 18-404 DE 65 at p. 2 ("Although this Court initially denied Defendant's Motion to Dismiss, ECF No. 19, the Court has reconsidered the language of Defendant's letter and the Third Circuit

6

## CONCLUSION

For the reasons stated above, Americollect's motion to dismiss the complaint (DE 7) is GRANTED, without prejudice to the submission within 30 days of a properly supported motion to amend the complaint.

_____
Hon. Kevin McNulty
United States District Judge

---

precedent and now agrees that Defendant's letter effectively conveys the debtor's rights.").

7